Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOSEPH ANTHONY RIVERA RAMÍREZ<br><br>Recurrido<br><br>v.<br><br>TISHA N. ROBLES GIRAU KAREM RAMÍREZ ROSADO<br><br>Peticionarios | KLCE202301283 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Custodia<br><br>Caso Núm.: BY2022RF00678 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nos la Sra. Tisha Robles Girau (en adelante, señora Robles Girau o peticionaria) mediante el presente recurso de *certiorari* para solicitar la revocación de la *Resolución* dictada el 24 de agosto de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI). Mediante dicho dictamen, se le prohibió a la perito de la peticionaria entrevistar nuevamente a las partes y a los colaterales del presente caso.[2]

Examinado el recurso, resolvemos **denegar** la expedición del auto de *certiorari* solicitado. Veamos.

**-I-**

El **24 de febrero de 2022**, la señora Robles Girau otorgó junto al Sr. Joseph Anthony Rivera Ramírez (en adelante, señor Rivera Ramírez o recurrido), una declaración jurada donde cedieron la

---

[1] Notificada el 25 de agosto de 2023.
[2] Apéndice XCIII del *Certiorari*, pág. 272.

custodia y patria potestad provisional de su hija ANRR a la abuela paterna, la Sra. Karen Ramírez Rosado (en adelante, señora Ramírez Rosado). Allí, las partes estipularon que la señora Ramírez Rosado tendría la custodia y patria potestad de la menor hasta que la peticionaria consiguiera una propiedad permanente y se estableciera.[3]

Ante ello, el **20 de abril de 2022** el señor Rivera Ramírez presentó *Demanda* sobre custodia. En síntesis, adujo que contra la señora Robles Girau había un referido al Departamento de la Familia que aún estaba en curso de investigación.[4]

El **24 de junio de 2022**, la señora Robles Girau presentó: *Contestación a Demanda de Custodia*.[5] En resumen, solicitó que le entregaran a la menor en lo que se veía el caso.[6]

El **25 de junio de 2022**, notificada dos días después, el TPI emitió una *Orden*. Allí, determinó que no se establecerían relaciones materno filiales hasta tanto se aclarara el resultado de los dos (2) referidos que se mencionaron en los escritos presentados por las partes. Además, se le concedió diez (10) días a la señora Robles Girau para presentar el resultado de la investigación del Departamento de la Familia en cuanto a los referidos antes mencionados.[7]

Conforme a lo ordenado, la señora Robles Girau presentó una *Moción* el **6 de julio de 2022**. Adujo que el referido 10253356 terminó con el resultado sin fundamento,[8] y que al referido 10352969 no le habían asignado un trabajador social.[9]

El **5 de septiembre de 2022**, el señor Rivera Ramírez presentó una *Moción en Cumplimiento de Orden*, donde aclaró que la

---

[3] Apéndice III del *Certiorari*, págs. 5-6.
[4] Apéndice I del *Certiorari*, págs. 1-3.
[5] Apéndice IX del *Certiorari*, págs. 16-19.
[6] *Íd.*, pág. 19.
[7] Apéndice XI del *Certiorari*, pág. 22.
[8] Apéndice XV del *Certiorari*, pág. 29.
[9] Apéndice XII del *Certiorari*, págs. 24-25.

solicitud de custodia implicaba el traslado de la menor a los Estados Unidos de América donde reside el padre actualmente, toda vez, que es un militar activo.[10]

Así las cosas, el **7 de septiembre de 2022**, el TPI ordenó a la Oficina de Relaciones de Familia a llevar a cabo un estudio sobre evaluación de custodia y relocalización.[11]

Ante ello, el **15 de septiembre de 2022**, la Supervisora de la Unidad Social de las Salas de Familia y Menores presentó una *Moción de la Unidad Social.* En resumen, solicitó que se le concedieran sesenta (60) días laborables a la trabajadora social asignada, Sra. Karim Rosado Raíces (en adelante, señora Rosado Raíces).[12] Así lo hizo el TPI mediante la *Orden* del **27 de septiembre de 2022**, notificada al otro día.

El **3 de noviembre de 2022**, la señora Robles Girau presentó por derecho propio: *Moción Urgente,* en la que solicitó se le entregara la custodia de su hija debido a que ya tenía evidencia de vivienda.[13]

El **7 de noviembre de 2022**, la trabajadora social de la Unidad Social de la Sala de Familia y Menores compareció mediante *Moción de la Unidad Social.* Advirtió que era imprescindible que el padre presentara un estudio social del hogar propuesto, por lo que debía contratar un profesional de la conducta.[14]

En consecuencia, el **8 de noviembre de 2022** y notificada el próximo día, el TPI le concedió veinte (20) días al señor Rivera Ramírez para contratar un perito que realizara un estudio del hogar propuesto e informara tanto al Tribunal como a la Unidad Social el nombre y el *curriculum vitae* del profesional contratado.[15]

---

[10] Apéndice XVIII del *Certiorari*, pág. 33.
[11] Apéndice XXI del *Certiorari*, pág. 36.
[12] Apéndice XXII del *Certiorari*, pág. 37.
[13] Apéndice XXIV del *Certiorari*, págs. 39-40; Apéndice XXVI del *Certiorari*, pág. 43.
[14] Apéndice XXVIII del *Certiorari*, págs. 46-47.
[15] Apéndice XXIX del *Certiorari*, págs. 48-49.

El **1 de diciembre de 2022**, el TPI le concedió al señor Rivera Ramírez un término final de diez (10) días para cumplir con la *Orden* del 8 de noviembre de 2022.[16] Finalmente, el **11 de diciembre de 2022**, el recurrido presentó: *Moción en Cumplimiento de Orden.* En resumen, informó que, según referido del departamento de la Fuerza Aérea de Estados Unidos de América, la profesional a cargo del estudio sería la Sra. Mindy St. Cere.[17]

El **12 de diciembre de 2022**, la Lcda. Yadira Colón Alicea asumió la representación legal de la señora Robles Girau.[18]

El **19 de diciembre de 2022**, notificada al día siguiente, el TPI emitió una *Orden* concediéndole al Departamento de la Familia veinte (20) días para presentar informe con los hallazgos en cuanto al referido 1025369.[19]

Tras varios trámites procesales, el **24 de febrero de 2024** el TPI emitió una *Resolución* en la que estableció relaciones maternofiliales provisionales a partir del 4 de marzo de 2023.

El **10 de marzo de 2023**, la señora Ramírez Rosado presentó: *Moción Urgente.* En resumen, adujo que la señora Robles Girau informó al colegio de la menor que la señora Ramírez no estaba autorizada a matricularla en el colegio.[20]

Así las cosas, el **19 de julio de 2023** la señora Rosado Raíces presentó el *Informe Social Forense.*[21] Allí, anejó el *Informe Evaluación Psicológica*, donde la psicóloga clínica Dra. Francis Soto Gay recomendó terapia psicológica para trabajar con los síntomas de

---

[16] Apéndice XXXI del *Certiorari*, pág. 52.
[17] Apéndice XXXII del *Certiorari*, pág. 53.
[18] Apéndice XXXIV del *Certiorari*, págs. 58-59.
[19] Apéndice XL del *Certiorari*, págs. 69-70.
[20] También la señora Rosado Raíces presentó una *Petición de Orden de Protección* contra la peticionaria, véase, el Apéndice LIX del *Certiorari*, págs. 108-110. Por tal razón, el 11 de marzo de 2023 la peticionaria fue citada a comparecer al tribunal el 23 de marzo de 2023. Véase, el Apéndice LVIII del *Certiorari*, pág. 107.
[21] Apéndice LXXX del *Certiorari*, págs. 166-199.

depresión y ansiedad de la menor.[22] También anejó el informe sometido por el recurrido.[23]

El **20 de julio de 2023**, el TPI notificó una *Orden* en la que concedió veinte (20) días a las partes para mostrar causa y fundamento en derecho por lo cual no debía acoger las recomendaciones del Informe presentado por la señora Rosado Raíces.[24]

Conforme a lo antes expuesto, el **9 de agosto de 2023** el recurrido presentó: *Moción en Cumplimiento de Orden*.[25] Por su parte, la señora Robles Girau presentó: *Moción Urgente en Cumplimiento de Orden e Impugnación de Informe Social*. En síntesis, propuso utilizar la perito en trabajo social Sra. Mayra Dávila Cepeda, por lo que solicitó se le permitiera a la perito examinar el expediente judicial, entrevistar a las partes, la menor, a familiares, a profesionales médicos y otros que estuvieran atendiendo los miembros de la familia.[26]

El **10 de agosto de 2023** y notificada al día siguiente, el TPI emitió una *Orden* donde le concedió quince (15) días al señor Rivera Ramírez para que se expresara sobre la solicitud de la peticionaria.[27] Po lo que el **24 de agosto de 2023** presentó: *Moción en Cumplimiento de Orden* oponiéndose a que la perito de la peticionaria hiciera un nuevo estudio social.[28]

El **25 de agosto de 2023** el TPI notificó una *Resolución* declarando No Ha Lugar la solicitud para que se permitiera a la perito de la peticionaria entrevistar nuevamente a las partes y a los colaterales del caso.[29]

---

[22] Apéndice LXXXI del *Certiorari*, págs. 200-204.
[23] Apéndice LXXXII del *Certiorari*, págs. 205-218.
[24] Apéndice LXXXV del *Certiorari*, págs. 235-236.
[25] Apéndice LXXXVIII del *Certiorari*, págs. 241-243.
[26] Apéndice XC del *Certiorari*, págs. 250-256.
[27] Apéndice XCI del *Certiorari*, pág. 269.
[28] Apéndice XCII del *Certiorari*, págs. 270-271.
[29] Apéndice XCIII del *Certiorari*, pág. 272.

Insatisfecha, el **11 de septiembre de 2023** la señora Robles Girau presentó: *Moción Urgente de Reconsideración.*[30] El **12 de septiembre de 2023** el TPI le concedió quince (15) días al señor Rivera Ramírez.[31] Así, el **3 de octubre de 2023** el recurrido presentó la *Moción en Cumplimiento de Orden.*[32]

El **15 de octubre de 2023** y notificada al día siguiente, el TPI emitió una *Resolución* declarando *No Ha Lugar* la solicitud de reconsideración presentada por la peticionaria.[33]

Inconforme, el **15 de noviembre de 2023** la señora Robles Girau acudió ante esta Curia e imputó la comisión del siguiente error:

> *Erró el honorable Tribunal de Primera Instancia al limitar la función pericial de la perito trabajadora social de la parte peticionaria, que realizará un informe social de impugnación de informe social de custodia y relocalización de menor, prohibiendo las entrevistas a las partes, a los colaterales profesionales y no profesionales y al no emitir orden para autorizar a la perito para que tenga acceso al expediente judicial, colocando en desigualdad de condiciones a la perito y violentando el debido procedimiento de Ley de la peticionaria.*

Transcurrido el término concedido al señor Rivera Ramírez para presentar su posición sobre el recurso, procedemos a resolver sin el beneficio de su comparecencia.

**-II-**

**-A-**

El auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[34]  Por discreción se entiende el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[35] En ese sentido, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que

---

[30] Apéndice XCV del *Certiorari*, págs. 275-281.
[31] Apéndice XCVII del *Certiorari*, págs. 283-284.
[32] Apéndice CII del *Certiorari*, págs. 292-295.
[33] Apéndice CV del *Certiorari*, pág. 299.
[34] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[35] *García v. Asociación*, 165 DPR 311, 321 (2005).

este foro habrá de atender y revisar mediante este recurso las resoluciones y órdenes emitidas por los tribunales de primera instancia, a saber:

> *[e]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.*
>
> *Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.*[36]

Con el fin de que podamos ejercer de una manera sabia nuestra facultad discrecional —de entender o no en los méritos de los asuntos que son planteados mediante este recurso— nuestros oficios se encuentran enmarcados, en la Regla 40 del Reglamento del Tribunal de Apelaciones,[37] que adquiere mayor relevancia en situaciones en las que, de ordinario, no están disponibles otros métodos alternos para la revisión de determinaciones judiciales y así evitar un fracaso de la justicia.[38] Por lo cual, debemos tomar en consideración los siguientes criterios:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

---

[36] 32 LPRA Ap. V, R. 52.1.
[37] 4 LPRA Ap. XXII-B, R. 40
[38] *IG Builders et al. v. BBVAPR*, supra, pág. 339.

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**-B-**

Constituye doctrina reiterada por nuestra jurisprudencia que las sentencias dictadas por los tribunales de instancia merecen deferencia, toda vez que el juzgador de los hechos en dicha etapa aquilata la prueba de primera mano y se encuentra en una mejor posición que los foros apelativos para evaluar la misma.[39]

Como la corrección de las decisiones de los tribunales inferiores se presume, los tribunales apelativos sólo debemos variar dichos dictámenes si en su determinación, el foro apelado incurrió en *error manifiesto, pasión, prejuicio o parcialidad.*[40]

De otra parte, en lo que respecta a la evaluación de la prueba documental, los tribunales apelativos se encuentran en idéntica posición que los tribunales de instancia para entender sobre la misma.[41] Asimismo, sucede con la prueba pericial.[42]

Lo anterior responde a que el valor probatorio de este tipo de declaración, depende de varios factores, entre los que se destacan: **1)** las cualificaciones del perito; **2)** la solidez de las bases de su testimonio; **3)** la confiabilidad de la ciencia o técnica subyacente y; **4)** su parcialidad.[43]

No obstante, aun tratándose de prueba pericial, el ejercicio de nuestras funciones revisoras no debe interferir irrazonablemente con la apreciación del tribunal de instancia en ausencia de *pasión, prejuicio, error manifiesto o parcialidad.*

---

[39] *Gallardo v. Petiton*, 132 DPR 39, 56 (1992).

[40] *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011).

[41] *Albino v. Ángel Martínez, Inc.*, 171 DPR 457, 487 (2007); *Trinidad v. Chade,* 153 DPR 280, 292 (2001).

[42] *Ortiz Rodríguez v. A.F.F.*, 94 DPR 546, 549-550 (1967).

[43] *Dye-Tex P.R., Inc. v. Royal Ins. Co., P.R.*, 150 DPR 658-664 (2000).

**-C-**

Los trabajadores sociales de la Unidad Social de Relaciones de Familia y Asuntos de Menores del Poder Judicial son peritos al servicio del tribunal.[44] Claro está, la responsabilidad y capacidad de adjudicar la acción de custodia recae exclusivamente en el Tribunal y no en los peritos.[45]

La Regla 703(C) de Evidencia dispone que una vez el juez determina que un testigo está cualificado como perito o las partes estipulan sus cualificaciones, se puede presentar prueba sobre el valor probatorio del testimonio pericial para impugnar o sostener su credibilidad.[46]

Cónsono con ello, nuestro más alto foro ha expresado que las partes litigantes en un caso de custodia tienen derecho a recibir e impugnar, de una forma efectiva, los informes sociales preparados por la Unidad Social.[47] Así, nuestro Tribunal Supremo destacó que ello incluía la oportunidad de presentar prueba en contra de las conclusiones de dichos informes.[48]

Es norma reiterada que las partes afectadas por un Informe Social tienen derecho a examinarlo y el tribunal de instancia *"está en la obligación de proveer una oportunidad para que las partes afectadas puedan formular objeciones al mismo o presentar prueba en contra de las conclusiones de dicho informe".[49]*

Resulta imprescindible destacar que el juez tiene amplia discreción con relación a la admisión o exclusión de prueba pericial, y sus determinaciones deben ser sostenidas a menos que sean claramente erróneas.

---

[44] *Rentas Nieves v. Betancourt Figueroa*, 201 DPR 416, 426 (2018).
[45] *Peña v. Peña*, 164 DPR 949, 960-961 (2005).
[46] 32 LPRA Ap. VI R. 703(C).
[47] *Rentas Nieves v. Betancourt Figueroa*, págs. 432-433.
[48] *Íd.*, pág. 429.
[49] *Íd.*, citando a *Colón v. Meléndez*, 87 DPR 442, 446 (1963). Énfasis nuestro.

**-III-**

En su escrito, la señora Robles Girau pretende que sustituyamos el criterio del TPI por el nuestro para reconocer que dicho foro erró al denegar la solicitud presentada por esta para entrevistar a las partes, a los colaterales profesionales y no profesionales, y no autorizar a la perito para que tenga acceso al expediente judicial.

Es norma reiterada que las partes afectadas por un Informe Social tienen derecho a examinarlo y el tribunal de instancia ***"está en la obligación de proveer una oportunidad para que las partes afectadas puedan formular objeciones al mismo o presentar prueba en contra de las conclusiones de dicho informe"***.[50]

Surge del expediente que el TPI le concedió a las partes la oportunidad de impugnar y presentar sus objeciones en torno al Informe Social. En ese sentido, ha puesto a disposición dicho Informe Social. Ahora, lo que el foro *a quo* no ha permitido es que la perito de la parte peticionaria vuelva a examinar todo el expediente judicial ni a entrevistar *de novo* a las partes, a la menor, a los familiares, los profesionales médicos y demás profesionales que atienden a los miembros de la familia.

Conforme el derecho aplicable, resolvemos que el caso ante nos no presenta ninguna de las circunstancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos permita expedir el auto solicitado. En específico, no se recurre de una resolución u orden bajo las Reglas 56 o 57 de Procedimiento Civil ni de una denegatoria de una moción de carácter dispositivo. La determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera

---

[50] *Rentas Nieves v. Betancourt Figueroa,* 87 DPR 442 (2018), citando a *Colón v. Meléndez,* 87 DPR 442, 446 (1963). Énfasis nuestro.

instancia y de su facultad para manejar los casos de la manera que entiendan más adecuada, de acuerdo a las normas de derecho aplicables y los hechos ante su consideración. Además, tampoco encontramos justificación alguna para intervenir con la resolución cuya revisión se nos solicita, a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra.*

En virtud de lo anterior, denegamos expedir el auto de *certiorari.*

**-IV-**

Por los fundamentos antes expuestos, no se expide el auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones